**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4067**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

LLOYD JARREAU, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:13-cr-0051-F-1)

Submitted:  October 22, 2014        Decided:  November 12, 2014

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Diana Stavroulakis, Pittsburgh, Pennsylvania, for Appellant.
Jennifer P. May-Parker, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lloyd Jarreau, Jr. appeals his conviction and sentence after pleading guilty to possession with intent to distribute 28 grams or more of cocaine base and a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (2012). Jarreau's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issues of whether the district court had jurisdiction over the case, whether Jarreau's guilty plea was knowing and voluntary, whether his appeal waiver was knowing and voluntary, and whether his sentence was reasonable. Jarreau was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

First, because Jarreau was indicted and pled guilty to a federal crime, the district court had jurisdiction over the case pursuant to 18 U.S.C. § 3231 (2012). Counsel next raises the issue of whether Jarreau's plea was knowing and voluntary.

"In order for a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "It must reflect a voluntary and intelligent choice among the alternative choices of action open to the defendant." Id.

2

(citation and internal quotations omitted).  "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness."  Id. (citation and internal quotations omitted).

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea."  Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969).  Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."  United States v. Vonn, 535 U.S. 55, 62 (2002).  We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy."  United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).  A guilty plea may be knowingly and intelligently made based on information received before the plea hearing.  See id.; see also Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (trial court may rely on counsel's assurance that the defendant was properly informed of the elements of the crime).

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention."  Henderson v. United States, 133 S. Ct. 1121, 1124

3

(2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

When a defendant does not seek to withdraw his guilty plea in the district court, we review any claims that the court erred at his guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 524, 527 (4th Cir. 2002). It is the defendant's burden to show (1) error; (2) that was plain; (3) affecting his substantial rights; and (4) that we should exercise our discretion to notice the error. See id. at 529, 532. To show prejudice, he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We have reviewed the record and conclude that Jarreau fails to show any plain error by the district court, and his guilty plea was knowing and voluntary based on a totality of the circumstances. Jarreau pled guilty because he was guilty, and he received a substantial benefit from his plea agreement. His decision to plead guilty was a voluntary and intelligent choice among the alternative choices of action open to him.

Counsel next questions whether Jarreau's appeal waiver was knowing and voluntary. "Plea bargains rest on contractual

4

principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (citation and internal quotations omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). We review the validity of an appeal waiver de novo, and we "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. (citing Blick, 408 F.3d at 168). While the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately depends on the totality of the circumstances. Blick, 408 F.3d at 169.

We have reviewed the plea agreement and the Rule 11 hearing, and we conclude that Jarreau's appellate waiver was knowing and voluntary. The district court questioned Jarreau concerning the waiver, and Jarreau confirmed his understanding. However, because the Government has not moved to dismiss the appeal, we decline to enforce the waiver in this appeal.

Finally, counsel questions whether Jarreau's sentence was reasonable. We review a sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). First, we consider whether the district

5

court committed any significant procedural error, such as improperly calculating the Guidelines range, failing to consider the sentencing factors under 18 U.S.C. § 3553(a) (2012), or failing to adequately explain the sentence. United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013). If the sentence is procedurally reasonable, we then consider its substantive reasonableness, taking into account the totality of the circumstances and giving due deference to the district court's decision. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court must first correctly calculate the defendant's sentencing range under the Sentencing Guidelines. Allmendinger, 706 F.3d at 340. The court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a) (2012). Id. When rendering a sentence, the court must make and place on the record an individualized assessment based on the particular facts of the case. United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009). In explaining the sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the

parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Jarreau's sentence is procedurally and substantively reasonable, and the district court did not abuse its discretion in imposing the sentence. The district court properly calculated his advisory Guidelines range and reasonably determined a sentence of 96 months in prison followed by supervised release for life was appropriate in his case. The court granted the Government's motion for a downward departure based on Jarreau's substantial assistance and sentenced him below his Guidelines range of 135 to 168 months. The court declined to sentence him as low as the Government recommended, but it adequately explained that the sentence was appropriate based on Jarreau's criminal history and the need to protect the public from his drug dealing.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of

the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8